Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Maureen DeBiase,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------X

| | |
|---|---|
| Maureen DeBiase, on behalf of herself and all others similarly situated | Civil Action No. |
| Plaintiffs, | CLASS ACTION COMPLAINT |
| v. | |
| First Portfolio Ventures I, LLC; and D&A Services, LLC | |
| Defendant. | |

------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Maureen DeBiase ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by First Portfolio Ventures I, LLC ("FPV") and D&A Services, LLC ("D&A) (collectively "Defendants") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that Defendants' collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. See 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
    i.  The acts giving rise to this lawsuit occurred within this District; and
    ii. Defendants do business within this District.

## PARTIES

7. Plaintiff, Maureen DeBiase, is an individual natural person who at all relevant times resided in the City of Montclair, County of Essex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant, FPV, is a limited liability company, with its principal place of business located at 3091 Governors Lake Drive, Suite 500, Peachtree Corners, GA, 30071.

10. FPV is a post-default purchaser of consumer debts. FPV's business model is to pay less than ten cents on the dollar for an individual's defaulted debt and then seek to collect the full amount of that defaulted debt from the individual.

11. The principal purpose of FPV is the collection of debts using the mail and telephone.

12. Debt collection is the principal purpose of FPV's business.

13. FPV has no principal purpose other than purchasing defaulted debts and then seeking to collect said debts.

14. Debt collection is FPV's only business.

15. FPV is in the business of debt-buying.

16. FPV exists solely for the purpose of purchasing defaulted debts at a discount and then seeking to collect the full amount of the defaulted debts.

17. FPV's only business is the purchasing of debts for the purpose of collecting on those debts.

18. FPV's *raison d'être* is obtaining payment on the debts that it acquires.

19. FPV does not offer or extend credit or engage in lending, they only purchase defaulted debts at a discount and then attempt to collect said debts.

20. FPV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. D&A is a limited liability corporation with its principal place of business located at 1400 E. Touhy Avenue, Suite G2 Des Plains, IL 60018.

22. The principal purpose of D&A is the collection of debts using the mail and telephone.

23. D&A regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24. D&A's website describes their business as debt collection. *See* https://dnasllc.com/about/ (last visited February 8, 2021).

25. D&A is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

26. Sometime prior to January 1, 2019, Plaintiff allegedly incurred a debt to Barclays Bank Delaware ("Barclays") related to a personal credit card account with an account number ending in 6981 (the "Debt").

27. The alleged Debt arose out of transactions in which the money, property, insurance or services that were the subject of the transactions were primarily for personal, family or household purposes, namely fees alleged to have emanating from a personal credit card account in Plaintiff's name that was issued by Barclays.

28. Plaintiff did not open or use any credit card accounts, including the one Defendants allege she opened with Barclays, for business purposes.

29. Plaintiff's alleged Debt to Barclays is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. Defendants allege that FPV purchased the Debt and that FPV is now the entity to whom the Debt is owed.

31. Defendants contend that the Debt was in default when it was allegedly purchased by FPV.

32. Plaintiff does not concede that she owes the Debt to FPV or that the Debt was purchased by FPV from Barclays or any other entity. Plaintiff only alleges that Defendants claim that FPV purchased the Debt after it went into default and that Defendants allege that Plaintiff now owes the Debt to FPV.

33. Plaintiff denies that arbitration rights, if any, were assigned to FPV and/or D&A.

34. On or before June 22, 2020, FPV referred the Debt to D&A for the purpose of collections.

35. D&A was never transferred, sold, or assigned any interest or rights with regard to the Debt.

36. D&A is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

37. Defendants contend that the Debt is past-due and in default.

38. At the time FPV referred the alleged Debt to D&A, Defendants contend that the Debt was past-due.

39. At the time FPV referred the alleged Debt to D&A, Defendants contend that the Debt was in default.

40. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

41. On or about June 22, 2020, FPV mailed or caused to be mailed a letter (the "Letter") to Plaintiff. (Annexed and attached hereto as **Exhibit A** is a true copy of the Letter dated June 22, 2020 sent by D&A to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy).

42. D&A mailed the Letter as a part of their efforts to collect the Debt.

43. D&A mailed the Letter at the direction and request of FPV.

44. Plaintiff received the Letter in the mail.

45. Plaintiff read the Letter upon receipt of it in the mail.

46. The Letter was sent in connection with the collection of the Debt.

47. The Letter seeks to collect the Debt.

48. The Letter conveyed information regarding the Debt including the balance due, D&A reference number, current creditor, and a request for payment.

49. The Letter attached as **<u>Exhibit A</u>** is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

50. The Letter is the first written communication Plaintiff received from either Defendant.

51. The Letter is the first written communication either Defendant sent to Plaintiff regarding the Debt.

52. The Letter provides the following information regarding the balance claimed due on the Debt:

    Balance: $3,854.75

53. The Letter does not itemize or breakdown the amount of the Debt by principal, interest, fees, and other charges.

54. The outstanding balance claimed to be due by Defendants on the Debt as of June 22, 2020 included an amount for interest.

55. The outstanding balance claimed to be due by Defendants on the Debt as of June 22, 2020 included an amount for other charges besides interest and in addition to the principal balance.

56. The Letter did not inform Plaintiff that the amount of the Debt included an amount for interest and/or other charges.

57. Defendants are not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute. *See* N.J. Stat. Ann. § 17:11C-1 et seq.

58. At all times relevant to this matter, D&A has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

59. At all times relevant to this matter, D&A has not held a license issued by the New Jersey Department of Banking and Insurance.

60. D&A has never held a license under authority of the New Jersey Consumer Finance Licensing Act ("NJCFLA") authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

61. At all times relevant to this matter, FPV has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

62. At all times relevant to this matter, FPV has not held a license issued by the New Jersey Department of Banking and Insurance.

63. FPV has never held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

64. "Any person directly or indirectly engaging…in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business." *See* N.J. Stat. Ann. § 17:11C-2.

65. "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act." *See* N.J. Stat. Ann. § 17:11C-3 (emphasis added).

66. At no time was D&A authorized to charge or add interest to the Debt.

67. At no time was D&A authorized to collect interest on the Debt.

68. At no time was FPV authorized to charge or add interest to the Debt.

69. At no time was FPV authorized to collect interest on the Debt.

70. D&A was not permitted by law to add interest, late charges or other charges to the balance of the Debt.

71. FPV was not permitted by law to add interest, late charges or other charges to the balance of the Debt.

72. As D&A never obtained the appropriate license under the New Jersey Consumer Finance Licensing Act, it was prohibited from attempting to collect on the Debt.

73. As FPV never obtained the appropriate license under the New Jersey Consumer Finance Licensing Act, it was prohibited from attempting to collect on the Debt.

74. Since FPV was not a licensed consumer lender in New Jersey, it was not allowed to collect interest or other charges from Plaintiff.

75. Since D&A was not a licensed consumer lender in New Jersey, it was not allowed to collect interest or other charges from Plaintiff.

76. However, Defendants have attempted to collect interest, late payments or other charges from Plaintiff.

77. Plaintiff did not owe either FPV or D&A interest, late payments or other charges.

78. Defendants are not permitted to engage in the "consumer loan business" since they did not first obtain a license pursuant to the NJCFLA. *See* N.J. Stat. Ann. § 17:11C-2 to -3.

79. Accordingly, Defendants attempts to collect Plaintiff's Debt allegedly owed to FPV, who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA.

80. FPV was not entitled to seek payment nor collect interest or other charges for any consumer loans, including Plaintiff's alleged Debt, since it was not a New Jersey licensed

consumer lender at the time the Letter attached as **Exhibit A** was mailed to Plaintiff. See, Veras v. Funding, LLC, 2014 WL 1050512 (D.N.J. Mar. 17, 2017).

81. D&A was not entitled to seek payment nor collect interest or other charges on behalf of FPV for the Debt.

82. Defendants communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

83. Defendants failure to provide accurate information inured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

84. D&A's debt collection practice is largely automated and utilizes standardized form letters.

85. On information and belief, the June 22, 2020 Letter attached as **Exhibit A** is a mass-produced, computer generated form letter that is prepared by D&A at FPV request, and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

86. D&A mailed or caused to be mailed letters in the form of **Exhibit A** over the course of the past year to hundreds of New Jersey consumers from whom D&A attempted to collect a consumer debt alleged to be owed to FPV.

87. Defendants used the same procedures they used in sending the Letter attached as **Exhibit A** when sending the same and/or similar letters to other New Jersey consumers.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

88. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

89. By attempting to collect consumer debts without a license to do so under the NJCFLA, by attempting to collect amounts not permitted by law or contract, and by misstating the amount due, Defendants violated 15 U.S.C. §§1692, 1692e(2)(A), and 1692e(10).

90. The FDCPA at 15 U.S.C. §1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of –

        (A) the character, amount, or legal status of any debt; or

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

91. New Jersey law required FPV to obtain a license before purchasing the Debt and FPV did not obtain such a license. Therefore, Defendants made false or misleading representations in attempting to collect the Debt through the collection Letter attached as **Exhibit A**, in violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692(e)(10).

92. The form, layout and content of D&A's Letter would cause the least sophisticated consumer to be confused as to whether Defendants could legally attempt to collect the Debt.

93. The form, layout and content of D&A's Letter would cause the least sophisticated consumer to believe, erroneously, that Defendants had the legal authority to collect the Debt and that Defendants had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

94. Defendants violated 15 U.S.C. §1692e by misrepresenting that they had the right or legal authority to collect payment on the Debt from Plaintiff and others similarly situated when, in fact, they did not.

95. Under the New Jersey Consumer Finance Licensing Act, "consumer lenders" defined as "a person licensed, or a person who should be licensed, under [N.J.S.A §§ 17:11C et seq.] to engage in the consumer loan business"; are prohibited from "engag[ing] in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act." *See* N.J.S.A. § 17:11C-3. Moreover, the NJCFLA specifies that "[a]ny person directly or indirectly engaging in the business . . . of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business." Id. § 17:11C-2. Based on these criteria, FPV is a "consumer lender" under the NJCFLA.

96. A debt collector's representation in a collection letter that it had the right to collect a debt when, in fact, it lacked the license required to initially purchase the debt, would violate, at minimum, 15 U.S.C. §1692e(10). *See, e.g.*, Veras v. LVNV Funding, LLC, 2014 WL 1050512, at *6 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt."). Moreover, as U.S. District Judge Robert B. Kugler explained in Veras, "it would strain logic to conclude that if a debt collector is prohibited from engaging in debt collection activity in a state, he avoids the risk of liability under the FDCPA so long as he conceals this fact and does not make any representation that he actually has debt collection authority." Id., at *5.

97. Defendants misrepresented the legal status of the Debt in violation of 15 U.S.C. §1692e(2)(A) by sending a collection letter seeking payment of the Debt when FPV was not licensed to purchase the alleged Debt in the first place.

98. 15 U.S.C. §1692e(2)(A) prohibits a debt collector from making a false representation of the character, amount or legal status of a debt. Defendants violated 15 U.S.C. §1692e(2)(A) by making false representations of the character and legal status of the debt in the Letter attached as **Exhibit A** because Defendants were prohibited from purchasing the Debt or charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

99. The violations of the FDCPA described herein constitute *per se* violations.

100. Plaintiff has alleged a particularized injury because the Letter attached as **Exhibit A** was mailed and directed to her.

101. Plaintiff has alleged a concrete harm because Section 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendants' violation of that provision of the FDCPA results in concrete harm to Plaintiff.

102. Be reason thereof, Defendants are liable to Plaintiff and the proposed class for judgment that Defendants' conduct violated 15 U.S.C. § 1692e and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

103. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

104. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

105. The class is initially defined as: (a) all individuals (b) with a New Jersey address (c) who were sent letters or notices from D&A in a form materially identical or substantially similar to Letter attached as **Exhibit A** to the Complaint (d) concerning a debt allegedly owned by FPV, which originated with Barclays (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action; and (g) which contained at least one of the alleged violations of the FDCPA described above.

106. The class definition above may be subsequently modified or refined.

107. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

108. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

> i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges, that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, based on the fact that the Complaint involves a form collection letter, there are at least 40 members of the class. The exact number of class members is

unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class they seek to represent. The claims of the Plaintiff and the members of the class originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably

conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members of the class would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class previously set forth and defined above.
2. Adjudging that Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10);
3. An award of statutory damages for Plaintiff and the class members pursuant to 15 U.S.C. §1692k;
4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and
5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
February 9, 2021

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (516) 326-2333
Fax: (516) 305-5566
rlg@lawgmf.com